IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAJRUDIN FERHATOVIC, )
)
        Plaintiff, )
)
  -vs- )   Civil Action No.  15-276
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 9).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications for benefits alleging he has been disabled since August 1, 2009. (ECF No. 5-5, pp. 2, 9). Administrative Law Judge ("ALJ") Daniel F. Cusick held a hearing on June 11, 2014. (ECF No. 5-2, pp. 30-73). On July 30, 2014, the ALJ issued a decision finding Plaintiff is not disabled. (ECF No. 5-2, pp. 16-29). After exhausting all administrative remedies, Plaintiff filed this action.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Plaintiff's Right Eye

Plaintiff argues that the ALJ erred by "ignoring substantial evidence of record pertaining to the function" of his right eye. (ECF No. 8, pp. 7-9). In support of the same, Plaintiff first points to his testimony that he has blurry vision and headaches and medical records that document Plaintiff's complaints. *Id.* "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). The ALJ found that Plaintiff was not entirely credible. (ECF No. 5-2, p. 23). As a result, the ALJ was free to reject Plaintiff's testimony regarding the same, whether it was at the hearing or recorded in a medical record based on Plaintiff's own reporting.

Furthermore, the ALJ set forth sufficient and valid reasons for rejecting the same. (ECF

3

No. 5-2, p. 25).

> The claimant is blind in his left eye, but this is an old condition and he has been able to perform work activity for many years in spite of this visual impairment. Records from the Laser Eye Surgery of Erie (Exhibits 1F and 17F) indicate that the claimant is blind in his left eye, but has essentially normal visual acuity in his right eye without complications. The claimant maintains a valid driver's license, and is able to carry out his activities of daily living. No caregiver in the record has reported that claimant has had difficulties while undergoing examinations or testing. The record really does not support the claimant's assertions regarding blurred vision in his right eye, aside from his subjective assertions….

*Id.* These are valid and acceptable reasons for rejecting Plaintiff's assertion.

Contrary to Plaintiff's position, I do not find the ALJ ignored any records pertaining to Plaintiff's vision. The mere existence of a diagnosis or an abnormal reading does not equate to a disability. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). Here, the ALJ specifically and sufficiently addressed Plaintiff's right eye condition. (ECF No. 5-2, p. 25). I find there is substantial evidence of record to support the ALJ's decision. (ECF No. 5-2, p. 25). Thus, I find no error in this regard.

### C. <u>Obesity</u>

Plaintiff argues that the ALJ failed to properly analyze Plaintiff's obesity pursuant to SSR 02-1p. (ECF No. 8, pp. 10-11). As such, Plaintiff submits that remand is necessary. After a review of the record, I disagree.

The Court of Appeals for the Third Circuit recognized that SSR 02-1p provides guidance in assessing how obesity is to be considered. *Diaz v. Commissioner of Social Security*, 577 F.3d 500, 503 (3d Cir. 2009). SSR 02-1p notes, "[t]he functions likely to be limited depend on many factors, including where excess weight is carried. An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching." SSR 02-1p. Given these parameters, an ALJ "must clearly set forth the

4

reasons for his decision." *Diaz*, 577 F.3d at 503, *citing, Burnett v. Cmm'r. of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). Indeed, the ALJ must "consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." SSR 02-1p.

In this case, Plaintiff suggests that the ALJ only set forth a recitation of the law and Plaintiff's height and weight when considering the same. *See,* ECF No. 5-2, p. 20. I disagree. The ALJ found that Plaintiff's obesity constituted a "severe impairment." (ECF No. 5-2, p. 18). The ALJ further concluded that Plaintiff's obesity does not meet a Listing. *Id.* at p. 20. Within that same step, the ALJ stated that he "considered the effects of the claimant's obesity under Social Security Ruling 02-1p, in the sequential evaluation process as it relates in combination with his other diagnoses and his overall level of functioning." (ECF No. 5-2, p. 20). Plaintiff only points to this section when suggesting that the ALJ failed to properly analyze Plaintiff's obesity pursuant to SSR 02-1p. (ECF No. 8, pp. 10-11). Plaintiff fails to recognize, however, that the ALJ further considered Plaintiff's obesity pursuant to SSR 02-1p when he considered Plaintiff's residual functional capacity ("RFC").[1] (ECF No. 5-2, p. 25). Therein, the ALJ thoroughly set forth and discussed the reasons for his conclusion that Plaintiff's "obesity would not impair his ability to perform a wide range of light work." *Id.* I find these reasons to be valid and supported by substantial evidence. *Id.* Thus, I do not find that remand is warranted on this basis.

### D. **Mischaracterization of Evidence**

Plaintiff essentially argues that the ALJ erred by mischaracterizing evidence, including his activities of daily living. (ECF No. 8, pp. 11-17). I have carefully reviewed each of the

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

5

assertions and find them to be without merit. For example, Plaintiff suggests that the ALJ mischaracterized the report of Dr. Rohrback. (ECF No. 8, pp. 12-14). After a review of the evidence, I disagree. I find the ALJ did not mischaracterize the evidence at it relates to Plaintiff's activities of daily living but, rather, I find his statements regarding Plaintiff's activities of daily living are supported by substantial evidence. (ECF No. 5-2, pp. 16-29).

An ALJ is charged with the responsibility of determining a plaintiff's credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. (ECF No. 5-2, pp. 16-29). As laid out in his decision, the ALJ considered the factors set forth above to the extent they were available in the record. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p. Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 5-2, pp. 16-29).

6

Plaintiff further argues that the ALJ ignored medical findings and notes. (ECF No. 8, p. 13). Upon review of this evidence, however, it is clear that the same were not medical findings. Instead, they were transcriptions of Plaintiff's complaints by the doctors. "[A] medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted). This is not "cherry picking." Since the ALJ found Plaintiff not entirely credible, he was not required to accept such transcriptions. *Id.* Furthermore, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). Thus, I find no merit to this argument.

Finally, Plaintiff suggests it was inappropriate for the ALJ to state that he was able to establish a rapport with Plaintiff. (ECF No. 8, pp. 16-17). To that end, Plaintiff argues that a rapport could not be established because he required an interpreter. (ECF No. 8, p. 17). After a review of the record, I find this argument lacking. As set forth above, in evaluating whether a plaintiff's statements are credible, the ALJ will consider, *inter alia,* a plaintiff's statements. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. From the record, it is clear that the parties were able to sufficiently communicate and understand each other during the hearing through the use of the interpreter. At the hearing, Plaintiff was able to answer some questions without the interpreter, while others required an interpreter. (ECF No. 8-2, pp. 30-73). This fact tends to show that there was no breakdown in the rapport between Plaintiff and the ALJ. At all times (with or without the interpreter), there was a constant dialogue between Plaintiff and the ALJ. *Id.* Thus, I find no merit to this suggestion.

### E. Medical Opinion Evidence

Plaintiff's final argument is that the ALJ erred in weighing the medical opinion evidence. (ECF No. 8, pp. 17-20). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff first suggests that the ALJ erred in relying on the state agency opinions because "[a]fter their reports were prepared some 200 pages of additional medical records were secured," and the state agency doctors would never have reviewed the same. (ECF No. 8, p. 17). I disagree. An ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.') I find the ALJ properly considered the opinions of the state agency medical consultants in accordance with 20 C.F.R. §§416.927(e), 404.1527(e). Consequently, I find no error in this regard.

Plaintiff next argues that the ALJ did not sufficiently articulate his reasoning for weighing the medical opinions the way he did. (ECF No. 8, pp. 18-19). In support thereof, Plaintiff submits that there is substantial evidence to support his position that he is not disabled. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

Plaintiff further suggests that the ALJ was "cherry picking" evidence to support his determination. (ECF No. 8, p. 19). *Id.* After a review of the evidence, I disagree. For example, with regard to Plaintiff's GAF[2] scores, Plaintiff suggests that the ALJ improperly credits

---

[2]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range

a higher score over a lower score without any discussion.  (ECF No. 8, p. 19-20).   Contrary to this assertion, the ALJ acknowledged the GAF scores and sufficiently addressed his rationale for crediting one over the other.   *See*, ECF No. 5-2, pp. 26-27 (explaining that the lower score was "inconsistent with those provided by caregivers at the Stairways facility, including a caregiver's most recent assessment of 62 in November 2013.")  This is a valid and appropriate reason for weighing evidence.   Consequently, I find no error in this regard.

Finally, Plaintiff suggests that the ALJ did not mention every recommendation of the consulting psychologist, Dr. Bailey.   (ECF No. 8, pp. 19-20).   I note that "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order.  *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94  Fed. Appx. 130, *2 (3d Cir. April 16, 2004).   In this case, the ALJ gave valid and acceptable reasons during his evaluation of the opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).   After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be sufficiently explained and supported by substantial evidence of record.   (ECF No. 5-2, pp. 16-29).   Thus, I am able to conduct a meaningful review.   Therefore, I find no error in this regard on the part of the ALJ.  Furthermore, as the ALJ specifically stated in his decision that he considered "the entire case record" in making his determination and "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529

---

from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting.   American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000).   GAF scores do not have a direct correlation to the disability requirements and standards of the Act.   *See*, 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool.   *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013)*.*   Nonetheless, GAF scores are still medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled and must be considered as such.

and SSRs 96-4p and 96-7p." (ECF No. 5-2, pp. 22-27). Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HAJRUDIN FERHATOVIC, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 15-276
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

THEREFORE, this 7th day of December, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                              BY THE COURT:

                              s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge